IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| ROBIN ASHTON,<br><br>    Plaintiff,<br><br>vs.<br><br>RICHARD DE JANA, HEIDI ULBRICHT in her official and personal capacity, FLATHEAD COUNTY, and DOE DEFENDANTS,<br><br>    Defendants. | CV 15-66-M-DWM-JCL<br><br>ORDER |

**I.** **INTRODUCTION**

Plaintiff Robin Ashton, proceeding pro se, filed an application requesting leave to proceed in forma pauperis. Ashton submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Because it appears she lacks sufficient funds to prosecute this action IT IS HEREBY ORDERED that Ashton's request is GRANTED. This action may proceed without prepayment of the filing fee, and the Clerk of Court is directed to file Ashton's lodged Complaint as of the filing date of her request to proceed in forma pauperis.

In a related motion, Ashton also requests the Court waive the fees charged by PACER (Public Access to Court Electronic Records) to access electronically stored documents. Paragraph (9) of the Electronic Public Access Fee Schedule

1

issued by the Judicial Conference of the United States provides that "Courts may exempt certain persons or classes of persons from payment of the user access fee[, e.g.] indigents, [... if the person seeking the exemption has] demonstrated that an exemption is necessary in order to avoid unreasonable burdens and to promote public access to information[.]"

The Court finds that due to Ashton's indigence the PACER fees would impose an unreasonable burden upon her, and the exemption will promote her public access to the electronic records in this case. Therefore, IT IS HEREBY ORDERED Ashton's request to waive the PACER fees is GRANTED, subject to the following conditions:

1. This exemption granted is expressly limited to her access to the electronic records contained in this case, CV 15-66-M-DLC-JCL. Ashton is cautioned that her use of this exemption and the PACER system to access electronically stored data, information and documents in anything other than this case will result in the immediate revocation of this exemption.

2. Ashton shall not sell the data obtained as a result of her exemption, and she must not transfer any data obtained, unless expressly authorized by the Court,

3. Ashton's exemption shall terminate upon the entry of a final judgment in this case, CV 15-66-M-DLC-JCL, or by August 15, 2016, whichever occurs first, and

4. This exemption may be revoked at this Court's discretion.

The Clerk of Court is directed to assist with the implementation of this

exemption under the conditions stated.

The federal statute under which leave to proceed in forma pauperis is permitted — 28 U.S.C. § 1915 — also requires the Court to conduct a preliminary screening of the allegations set forth in the litigant's pleading. The applicable provisions of section 1915(e)(2) state as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–
>
> (A) the allegation of poverty is untrue; or
>
> (B) the action or appeal–
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

The Court will review Ashton's pleading to consider whether this action can survive dismissal under the provisions of section 1915(e)(2), or any other provision of law. *See Huftile v. Miccio-Fonseca*, 410 F.3d 1136, 1138, 1142 (9th Cir. 2005).

## II.　PLAINTIFF'S ALLEGATIONS

Plaintiff Robin Ashton commenced this action to obtain relief for alleged

violations of the Americans with Disabilities Act (ADA) that exist at the Flathead County Justice Center in Kalispell, Montana. Ashton is a party to a civil litigation matter pending in a state court that is operating in the Justice Center, and she asserts she has multiple disabilities for which special accommodations allegedly need to be made at the Justice Center for her conditions.

Defendant Heidi Ulbricht[1] is the ADA administrator and coordinator at the Justice Center. Ashton alleges Ulbricht and Flathead County have denied her reasonable accommodations for her disabilities at the courthouse.

Defendant Richard De Jana is an attorney who represents the opposing party in Ashton's state court civil litigation matter. She alleges De Jana has interfered with Ashton's efforts to obtain ADA accommodations, and he has exacerbated her disabling conditions thereby causing further harm and damages to her.

Beginning in 2013, several legal proceedings and hearings have been conducted in Ashton's civil litigation matter at the Justice Center. At least one hearing was several hours in length which, in and of itself, was debilitating to Ashton due to her conditions. She then requested the state court make accommodations for her disabilities during future proceedings conducted in her

---

[1] Heidi Ulbricht is a State District Court Judge in the Eleventh Judicial District Court, Flathead County, Montana. Ashton, however, is apparently suing Judge Ulbricht in her capacity as the ADA administrator at the Flathead County Justice Center.

case at the Justice Center. She alleges Defendants took no action in response to her requests.

On November 17, 2014, a hearing was conducted in her civil litigation matter with respect to her accommodation requests. Ulbricht, who is also the State District Court Judge presiding over Ashton's civil litigation matter, denied accommodations to Ashton following the hearing. Ashton states that her litigation proceeded with limited accommodations made for her conditions. She alleges that during the litigation process De Jana preyed on her weaknesses and disabilities thereby causing further harm to her. Ashton contends it will be impossible for her to complete her civil litigation matter without obtaining further accommodations that she needs for the court proceedings.

Ashton advances legal claims for relief in 21 counts set forth in her complaint. She asserts numerous claims under the ADA based on Defendants' conduct towards her in the underlying civil litigation matter. She also advances claims alleging Defendants violated several of her rights protected under the United States Constitution.

In her prayer for relief Ashton requests various forms of remedies. She requests declaratory relief establishing her rights under the ADA, and she requests injunctive relief requiring Defendants comply with provisions of the ADA with

respect to Ashton's accommodation needs in her underlying civil litigation matter. She further requests injunctive relief preventing De Jana from interfering with her enforcement of her ADA rights in the underlying litigation, and prohibiting De Jana from retaliating against her in the underlying litigation. Ashton also requests the Court require Defendants pay for a Certified Forensic Disability Specialist Advocate to assist her with her ongoing civil litigation matter. She requests the Court impose statutory fines against Flathead County as authorized under the ADA, and she requests an award of other compensatory and punitive damages.

## **III.** **DISCUSSION**

Because Ashton is proceeding pro se the Court must construe her pleading liberally, and the pleading is held "to less stringent standards than formal pleadings drafted by lawyers[.]" *Haines v. Kerner*, 404 U.S. 519, 520 (1972). *See also Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989). Although the Court has authority to dismiss a defective pleading pursuant to 28 U.S.C. § 1915(e)(2),

> a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.

*Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

## A. Request for Reassignment of Judge

As a preliminary matter, I address Ashton's request that this case be reassigned to a different judicial officer than the undersigned United States Magistrate Judge. *See In re Bernard*, 31 F.3d 842, 843 (9th Cir. 1994) (concluding that a motion for disqualification "is addressed to, and must be decided by, the very judge whose impartiality is being questioned"). In support of her request Ashton states I have "worked for and with the Defendant[s] in this case[.]" For the reasons discussed, Ashton's request is denied.

Ashton does not expressly identify the legal authority on which she presents her request for reassignment or disqualification. But I conclude the motion is properly construed as filed pursuant to 28 U.S.C. § 455.[2]

"Section 455 imposes an affirmative duty upon judges to recuse themselves." *Yagman v. Republic Ins.*, 987 F.2d 622, 626 (9th Cir. 1983). The

---

[2]Alternatively, Ashton's motion could be construed as filed pursuant to 28 U.S.C. § 144. Section 144 requires, inter alia, that the motion "be accompanied by a certificate of counsel of record stating that it is made in good faith." The certificate of good faith must be provided by a member of the bar, or the movant's counsel of record. *See Robinson v. Gregory*, 929 F. Supp. 334, 337-38 (S.D. Ind. 1996). Consequently, a pro se litigant who has not provided a certificate of good faith from a member of the bar may not employ the disqualification procedures set forth in 28 U.S.C. § 144. *Id. See also Jimena v. UBS AG Bank*, 2010 WL 2650714, *3 (E.D. Cal. 2010) and *United States v. Briggs*, 2007 WL 1364682, *1 (D. Idaho 2007). Here, Ashton has not provided a certificate of good faith from an attorney in support of her request. Thus, I will not construe her motion as invoking the provisions of section 144.

statute provides, in relevant part, as follows:

> (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
>
> (b) He shall also disqualify himself in the following circumstances:
>
>> (1) Where he has a personal bias or prejudice concerning a party[.]

28 U.S.C. § 455(a) and (b).

Section 455(a) requires disqualification for the appearance of partiality. What matters under section 455(a) "is not the reality of bias or prejudice but its appearance[,]" and the test for disqualification is an objective one. *Liteky v. United States*, 510 U.S. 540, 548 (1994). Disqualification is warranted if "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Blixseth v. Yellowstone Mountain Club, LLC*, 742 F.3d 1215, 1219 (9th Cir. 2014) (quotation and citation omitted). The "reasonable person" is not "hypersensitive or unduly suspicious," and "is not a 'partly informed man-in-the-street[.]'" *Blixseth*, 742 F.3d at 1219, and *United States v. Holland*, 519 F.3d 909, 913-14 (9th Cir. 2008). Rather, the reasonable person is a "well-informed, thoughtful observer[,]" and is "someone who 'understand[s] all the relevant facts' and has examined the record and the law." *Holland*, 519 F.3d at 913-14 (citation omitted).

8

The analysis under section 455(a) is also subject to the "extrajudicial source" doctrine. *Liteky*, 510 U.S. at 554. The doctrine requires that the basis for disqualification generally must be "something other than rulings, opinions formed[,] or statements made by the judge during the course of trial." *Holland*, 519 F.3d at 913-14.

Section 455(b)(1), in contrast, requires disqualification if a judge has a personal bias or prejudice for or against a party. *See Hasbrouck v. Texaco, Inc.*, 842 F.2d 1034, 1045 (9th Cir. 1987). Section 455(b)(1) "simply provides a specific example of a situation in which a judge's 'impartiality might reasonably be questioned' pursuant to section 455(a)." *United States v. Sibla*, 624 F.2d 864, 867 (9th Cir. 1980) (citing *United States v. Olander*, 584 F.2d 876, 882 (9th Cir. 1978)).

As a direct response to Ashton's request, I affirmatively state that I have not worked for, or with, the Defendants in this case. Given the absence of any factual basis for Ashton's assertion, no reasonable person could conclude that my impartiality might reasonably be questioned. Furthermore, I have no personal bias or prejudice against Ashton. Thus, Ashton's motion is denied.

### B. Abstaining from Exercising Jurisdiction

Ashton advances claims in this action under the ADA. Therefore, the Court possesses federal question jurisdiction over this action. 28 U.S.C. § 1331.

Despite having jurisdiction, the procedural posture of Ashton's claims is such that it appears the Court must abstain from exercising its jurisdiction. It is apparent from Ashton's allegations that her underlying civil litigation matter is currently pending, thereby requiring this Court to abstain from interfering with that action.

There is a strong policy against federal intervention in pending state judicial processes in the absence of extraordinary circumstances. *Younger v. Harris*, 401 U.S. 37, 43-45 (1971). *See also Gilbertson v. Albright*, 381 F.3d 965, 973 (9th Cir. 2004) (quoting *Middlesex County Ethics Committee v. Garden State Bar Association*, 457 U.S. 423, 431 (1982)). "*Younger* abstention is a jurisprudential doctrine rooted in overlapping principles of equity, comity, and federalism." *San Jose Silicon Valley Chamber of Commerce Political Action Committee v. City of San Jose*, 546 F.3d 1087, 1091 (9th Cir. 2008). *Younger* directs federal courts to abstain from granting injunctive or declaratory relief that would interfere with pending state or local criminal proceedings. *Gilbertson*, at 381 F.3d at 968.[3]

The Ninth Circuit has concluded that the federal courts must abstain under *Younger* if the following four requirements are met:

---

[3] Federal courts may raise the issue of *Younger* abstention sua sponte. *See Bellotti v. Baird*, 428 U.S. 132, 143-44 n.10 (1976) and *The San Remo Hotel v. City and County of San Francisco*, 145 F.3d 1095, 1103 n.5 (9th Cir. 1998).

> (1) a state-initiated proceeding is ongoing; (2) the proceeding implicates important state interests; (3) the federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding; and (4) the federal court action would enjoin the proceeding or have the practical effect of doing so, i.e., would interfere with the state proceeding in a way that *Younger* disapproves.

*City of San Jose*, 546 F.3d at 1092 (citing *Gilbertson*, 381 F.3d at 978, and *AmerisourceBergen Corp. v. Roden*, 495 F.3d 1143, 1149 (9th Cir.2007)).

Where applicable, *Younger* abstention is mandatory. Absent exceptional circumstances, the district courts do not have discretion to avoid the doctrine if the elements of *Younger* abstention exist in a particular case. *City of San Jose*, 546 F.3d at 1092 (citation omitted). The recognized exceptional circumstances are limited to "a 'showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate.'" *Id.*, (quoting *Middlesex County Ethics Committee v. Garden State Bar Association*, 457 U.S. 423, 435 (1982)).

All of the elements of *Younger* abstention are established in this case. First, Ashton's allegations suggest that her civil litigation matter is still pending in a court of the State of Montana. She asserts she needs assistance from this Court to enable her to complete the underlying litigation. (Doc. 2 at 18.)

Second, Ashton's pending civil litigation implicates important state interests. The courts of the State of Montana have a significant state interest in the

autonomous exercise of their own jurisdiction, and this Court respects those interests as a matter of comity. This Court will not interfere with those interests while the state court judicial proceedings are ongoing.

Third, with regard to Ashton's opportunity to raise any issue, or to assert any Constitutional right in the state court – matters that she is attempting to present to this Court in this action – she bears the burden to establish "that state procedural law bar[s] presentation of [her] claims[]" in the state court proceedings. *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987) (quoting *Moore v. Sims*, 442 U.S. 415, 432 (1979)). Ashton has not set forth any allegation suggesting she will be barred from presenting any issues in the state court proceedings, or from prosecuting an appeal with respect to any adverse result in her litigation. To the contrary, Ashton states she has asserted her ADA claims in the state court matter. Her dissatisfaction with the response she has received does not warrant interference from this Court.

Fourth, Ashton's requests in this case expressly seek to have this Court enjoin or interfere with the state court proceedings in her underlying litigation in a way that *Younger* disapproves.

Finally, Ashton's allegations do not implicate any recognized exceptional circumstances that would render *Younger* abstention inapplicable. Therefore, the

Court recommends the District Judge should abstain from exercising jurisdiction over Ashton's claims.

C. **Request for Expedited Consideration**

Ashton filed a motion requesting the Court expedite its consideration of her claims advanced in this action. She again asserts that she needs intervention and assistance from this Court "so she can reasonably complete her current case." (Doc. 4 at 1.)

Because the Court recommends dismissal of this action, the Court has already conducted its review of Ashton's claims and has determined the federal court cannot intervene to provide the assistance she requests. Ashton's request for expedited consideration is, therefore, denied as moot.

D. **Motion for Appointment of Counsel**

Ashton moves for appointment of counsel to assist her in this case. She states she needs "standby counsel" knowledgeable about disability laws and the protection of medical records. She states she lacks sufficient knowledge in these areas of law and will be unable to protect her rights in those subject matters.

A plaintiff does not have a right to the appointment of counsel in a civil action. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). Although the Court has discretionary authority to appoint counsel to represent an indigent litigant

under 28 U.S.C. § 1915(e)(1) (*see Palmer*, 560 F.3d at 970), such appointment can occur only under "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). *Palmer*, 560 F.3d at 970.

> A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits and the ability of the [litigant] to articulate his claims pro se in light of the complexity of the legal issues involved.' Neither of these factors is dispositive and both must be viewed together before reaching a decision.

*Id*. (citing *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (citations omitted)). *See also Palmer*, 560 F.3d at 970.

As discussed in this recommendation, the Court concludes it should abstain from exercising jurisdiction over Ashton's claims. Therefore, the Court finds Ashton's likelihood of success given the present posture of this case is non-existent, and her motion for appointment of counsel is denied.

## IV. CONCLUSION

As stated, IT IS HEREBY ORDERED that Ashton's request to proceed in forma pauperis, and her request that the fees for the PACER service be waived are GRANTED.

But based on the foregoing, the Court concludes it should abstain from exercising jurisdiction over Ashton's claims advanced in her complaint. Therefore, IT IS HEREBY RECOMMENDED that this action be DISMISSED

without prejudice.

Accordingly, IT IS FURTHER ORDERED that Ashton's motions for expedited consideration, and appointment of counsel are DENIED.

Finally, IT IS ORDERED that Ashton's motion to reassign this case to a different judicial officer is DENIED for the reasons discussed.

DATED this 13th day of August, 2015.

*/s/ Jeremiah C. Lynch*
Jeremiah C. Lynch
United States Magistrate Judge